IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00453 SOM |
|---|---|---|
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S RULE 33 MOTION** |
| vs. | ) | |
| SHERI LEE PUALANI KAPAHU, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S RULE 33 MOTION**

**I.    INTRODUCTION.**

Defendant Sheri Lee Pualani Kapahu seeks relief under Rule 33 of the Federal Rules of Criminal Procedure on the ground that "newly discovered evidence compels allowing her to withdraw her conditional plea and to reopen her Fourth and Fifth Amendment suppression motions." ECF No. 70, PageID # 459. This court has already sentenced Kapahu, and Kapahu has an appeal pending in the Ninth Circuit. This court denies Kapahu's Rule 33 motion and declines to indicate that it would reconsider its denial of her suppression motions if the Ninth Circuit remanded the case.

**II.   FACTUAL BACKGROUND.**

On October 5, 2016, this court filed its Order Denying Motion to Suppress No. 1 (Fourth Amendment) and Motion to Suppress No. 2 (Fifth Amendment). ECF No. 30. The order noted that the court had heard testimony from DEA Special Agent

1

Richard Jones during an evidentiary hearing on September 12, 2016.  *Id.*, PageID # 110.

This court found that, on June 28, 2016, Kapahu was about to board a flight from Honolulu to Kauai when Agent Jones and Officer Kaniho went up to her while she was standing in the boarding line at the gate.  *Id.*, PageID # 112.  Having received a tip that Kapahu might be carrying drugs, Agent Jones questioned her.  *Id.*, PageID # 113.  Kapahu confessed to carrying drugs, and Officer Kaniho retrieved the drugs from Kapahu's purse.  *Id.*, PageID #s 114-16.  The entire encounter lasted about eight minutes.  *Id.*, PageID # 116.

Agent Jones testified that Kapahu's reaction to his questions suggested to him that she was indeed carrying drugs.  *Id.*, PageID # 115.  He viewed her reaction as sufficient to allow him to detain her long enough to allow a drug-sniffing dog to arrive and to see if it "alerted."  *Id*.  This court wrote:

> Kapahu remained standing in line to board the flight to Lihue and made no movement away from the boarding line.  However, she put her hands over her face and said, "I want to go home."  This reaction confirmed for Agent Jones the high possibility that Kapahu was carrying drugs.  In Agent Jones's mind, Kapahu's reaction was sufficient to support detaining Kapahu long enough to allow a drug-sniffing dog to arrive and for Agent Jones to see if the dog "alerted" on Kapahu or on whatever she was carrying.  This would have been what Agent Jones referred to as a "temporary detention."  Had a dog sniff occurred without an "alert," Kapahu would have been allowed to leave.  However, Agent Jones did not

>           tell Kapahu what he thought, that a dog was on
>           the way, or that she was no longer free to leave.
>           What occurred next mooted out any dog sniff, and
>           no dog sniff occurred.

*Id.*

This court denied Kapahu's motion to suppress based on an alleged Fifth Amendment violation, concluding, "Kapahu was not in custody before or at the time she confessed, and, although in custody when she consented to the seizure of drugs from her purse, was not then being interrogated." *Id.*, PageID # 127. This court also noted that a consent to search was not the type of incriminatory statement to which the Fifth Amendment applied. *Id.*, PageID # 125. This court ruled that *Miranda* did not bar use of any of Kapahu's statements at the airport or any challenged statement at the field office. *Id.*

This court also denied Kapahu's motion to suppress based on an alleged Fourth Amendment violation. *Id.*, PageID # 141. Without ruling on whether Kapahu had consented to a search of her purse for Fourth Amendment purposes, this court ruled that the warrantless search was permitted as a search incident to a lawful arrest. *Id.*, PageID #s 137-38.

On November 7, 2016, Kapahu pled guilty pursuant to a plea agreement. *See* ECF No. 42. She limited her right to appeal or collaterally attack her conviction and sentence, but

she retained the right to appeal this court's denial of her motions to suppress. *Id.*, PageID #s 182-82.

On February 21, 2017, this court sentenced Kapahu. *See* ECF No. 59. On February 23, 2017, judgment was entered, and Kapahu subsequently filed her notice of appeal from this court's order denying her motions to suppress. *See* ECF No. 60; ECF No. 62.

On May 3, 2017, with her appeal pending before the Ninth Circuit, Kapahu filed the present Motion for Relief Pursuant to Rule 33. *See* ECF No. 70. She submits exhibits in connection with her Rule 33 motion and argues that this evidence "not only indicates that a dog sniff *did* occur; it strongly suggests that the dog sniff occurred *before* Officer Kaniho searched the purse." ECF No. 70, PageID # 465. Kapahu says that the evidence also indicates that the agents had actually obtained a search warrant that they failed to mention during the hearing on her suppression motions. *Id.* She requests an evidentiary hearing and further discovery. *Id.*, PageID # 467.

In a minute order, this court wrote, "With respect to Defendant Sheri Kapahu's Rule 33 motion, this court directs the parties to file briefs in accordance with the nonhearing motion deadlines in this court's local rules. This court may, after reviewing the briefs, set a hearing, but the court will review the briefs before determining how it will proceed." ECF No. 71.

In opposing Kapahu's motion, the Government contends that Kapahu pled guilty and therefore cannot bring a Rule 33 motion for a new trial. ECF No. 73, PageID # 609. In the alternative, the Government says that the evidence proffered by Kapahu is not admissible. *Id.*, PageID #s 609-12.

In her reply, Kapahu asserts that she can pursue relief under Rule 33 because the current language of the rule "allows for setting aside a guilty plea if the interests of justice so require in light of newly discovered evidence." ECF No. 74, PageID # 631. Kapahu further argues that the newly discovered evidence is material and alters this court's prior suppression rulings. *Id.*, PageID # 635.

This court proceeds here without a hearing, as permitted by Local Rule 7.2(d).

**III.      STANDARD OF REVIEW.**

Rule 33(a) of the Federal Rules of Criminal Procedure provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." Fed. R. Crim. P. 33(a). The burden of justifying a new trial rests with the defendant, *see United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989), and a "motion for new trial is directed to the discretion of the judge." *United States v. Pimentel*, 654 F.2d

538, 545 (9th Cir. 1981); *accord United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc) (reviewing an order denying a Rule 33 motion based on newly discovered evidence for abuse of discretion). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal," *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992), as a new trial may be granted by the district court when the "interest of justice so requires." Fed. R. Crim. P. 33(a).

The Ninth Circuit applies a five-part test for determining whether a new trial should be afforded a defendant based on newly discovered evidence. The defendant must prove:

> (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial.

*Hinkson*, 585 F.3d at 1264 (citing *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005)). The last three factors overlap. *See, e.g.*, *United States v. Krasny*, 607 F.2d 840, 845 n.3 (9th Cir. 1979) (noting that requirement "that the newly discovered evidence be Material and that it Probably would produce an acquittal on retrial, are really two means of measuring the same thing").

**IV.    ANALYSIS.**

Kapahu's appeal of this court's Order Denying Motion to Suppress No. 1 (Fourth Amendment) and Motion to Suppress No. 2 (Fifth Amendment) is currently pending before the Ninth Circuit.  This court thus has jurisdiction only to deny, not to grant, the present Rule 33 motion.  *See* Fed. R. Crim. P. 33; *see also United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984) (noting that, given pending appeal, "[t]he District Court had jurisdiction to entertain the [Rule 33] motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case").  This court declines Kapahu's request that it indicate that it would reconsider the denial of the suppression motions if the case were remanded by the Ninth Circuit.  *See United States v. Frame*, 454 F.2d 1136, 1138 (9th Cir. 1972) (observing that if appellant discovers new evidence while appeal is pending, "Rule 33 requires that an application for a new trial . . . be made in the trial court and that this court will order a remand in the event the trial court evidences a willingness to grant the motion, and not otherwise" (citation omitted)).

### A. Kapahu Cannot Bring a Rule 33 Motion for a New Trial Because She Entered a Conditional Guilty Plea.

The Ninth Circuit makes clear that relief under Rule 33 is available only if there has been a trial, either to the court or to a jury. *United States v. Collins*, 898 F.2d 103, 104 (9th Cir. 1990) (per curiam). "When the defendant has pled guilty, as here, no trial has occurred and the Rule 33 remedy is unavailable." *Id.* Thus, "the validity of a guilty plea cannot be questioned by way of a motion for new trial." *Id.* (quoting *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979)); *see also United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995) ("A defendant who enters a guilty plea cannot thereafter use Rule 33 as a wedge to undo his acknowledgement that he committed the offense."); *United States v. Prince*, 533 F.2d 205, 208 (5th Cir. 1976) (applying same principle to bar Rule 33 motion following plea of nolo contendere). The Ninth Circuit has noted that a defendant's remedy, if any, is a motion under 28 U.S.C. § 2255.[1] *Id.*

---

[1] Kapahu has not asked this court to treat her Rule 33 motion as a motion pursuant to 28 U.S.C. § 2225. *See United States v. Williams*, 290 F.2d 217, 218 (5th Cir. 1961) (per curiam) (treating Rule 33 motion as § 2255 proceeding at request of appellant and concluding that appellant, who had pled guilty, was not entitled to relief). In view of the pending appeal and to avoid prejudice to Kapahu by using up her one opportunity to file a § 2255 petition without a Ninth Circuit certification, this court does not treat the present motion as one brought under § 2255.

8

Kapahu asks this court to distinguish Ninth Circuit case law from the circumstances of this case and "conclude that the rule's current language allows for setting aside a guilty plea if the interests of justice so require in light of newly discovered evidence." ECF No. 74, PageID # 631. Citing to statistics that suggest "guilty pleas are *the norm*," *id.*, Kapahu posits that "[p]leas, no less than jury verdicts, are just as much impugned by a materially incorrect and misleading state of the evidence." *Id.*, PageID # 633. Kapahu suggests that Rule 33 allows this court to reconsider "any judgment," including a judgment of conviction arising from a guilty plea. *Id.*, PageID # 634.

This court is not persuaded that Rule 33 applies to a case in which a judgment is predicated on a guilty plea. The 1979 version of Rule 33 that the Ninth Circuit considered in *Lambert* provided, "The court on motion of a defendant may grant a new trial to him if required in the interest of justice." Fed. R. Crim. P. 33 (1979). A later version of the rule examined in *Collins* similarly stated, "The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Fed. R. Crim. P. 33 (1990). The current version of Rule 33 provides in relevant part, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R.

9

Crim. P. 33(a). As Kapahu's counsel points out, the inclusion of the term "any judgment" in the current version of Rule 33 was a stylistic amendment; it was not meant to expand the scope of Rule 33's applicability. *Id.*, PageID # 630-31; Fed. R. Crim. P. 33, Advisory Committee Notes to 2002 Amendments ("The language of Rule 33 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only."). The inclusion of the term "any judgment" therefore neither substantively alters the rule's applicability nor negates the relevance of *Lambert* and *Collins*. Accordingly, Rule 33 appears inapplicable here.

> **B. Even If Rule 33 Applies, Kapahu Fails to Satisfy the Five-Part Test for a Motion for a New Trial.**

Even if Rule 33 applies, Kapahu fails to demonstrate that she is entitled to withdraw her guilty plea and have the court address her suppression motions anew. Kapahu submits two documents that she says were only recently obtained in an unrelated case and that were not part of the discovery provided in her case. ECF No. 70, PageID # 466. Kapahu says that she cannot be faulted for not having discovered this evidence sooner because these documents were not turned over during discovery by the Government. *Id.*, PageID # 467. She states that this

10

evidence is newly discovered, not cumulative or simply for impeachment purposes, and would alter the outcome of this court's suppression rulings. *Id.*, PageID #s 467, 470-71.

The first document, a "Narcotics Daily Activity Bulletin" prepared by Detective "M. Liana" and dated June 29, 2016, provides a "synopsis" of the encounter between Agent Jones and Kapahu at the airport. ECF No. 70-1, PageID # 476. The daily bulletin states:

> A consensual encounter was executed on KAPAHU and she gave a verbal consent to search her bag. KAPAHU also stated that the drugs are inside her purse pocket. Corporal J. Mertens canine was used and positively alerted to the subject bag. A search of KAPAHU's bag resulted in the seizure of approximately 155 grams of methamphetamine. KAPAHU declined to provide any statements other than the drugs are for her and she deals it out on Kauai.

*Id.* The daily bulletin also says at the bottom of the page, "SEARCH WARR(Y/N): Y." *Id.* Kapahu suggests that this bulletin is written in chronological order and thus indicates that the dog sniff and alert occurred "contemporaneously with or right after Kapahu finally 'consented' and *before* Officer Kaniho searched Kapahu's purse." ECF No. 70, PageID #s 468-69.

Kapahu also submits an "Airport Operators Group – Canine Deployment Report," reflecting a deployment log of drug-sniffing dogs and canine handlers at the Honolulu International Airport. ECF No. 70-2, PageID #s 478-83. The log provides

11

information relating to the date, type of deployment, location, unit or agency that the drug-sniffing dog assisted, and additional remarks of the deployment. *Id.* The log reflects that, on June 28, 2016, the date Kapahu was questioned by Agent Jones, Corporal Jeffrey Mertens (a dog handler) and Mervin (the drug-sniffing dog) went to the airport to assist the Hawaii Airport Task Force (HATF). *Id.*

Kapahu asserts that "this evidence is material to this Court's finding that Agent Jones was a credible witness." *Id.*, PageID # 469. She says that the bulletin indicates that Agent Jones lied in testifying that there was no search warrant and misled the court about whether a dog sniff occurred at the airport. *Id.*, PageID # 470. Kapahu further argues that this court should grant her motion because Agent Jones "repeatedly perjured himself during the suppression hearing." *Id.*, PageID # 472.

The Government characterizes the daily bulletin as "an informal internal Honolulu Police Department (HPD) document that formed no part of the official record of the events in the case." ECF No. 73, PageID # 610. The Government says that the daily bulletin "was used to notify the HPD command chain of the 'highlights' of significant events involving the Department . . . as well as the identity of HPD personnel who spent their time on matters related to those events." *Id.* According to the

Government, the officer who prepared the document summarized secondhand information, was not present for any part of the events summarized, and had no reason to be concerned about the chronology of the events described in the daily bulletin. *Id.*, PageID #s 610-11.

The Government submits an affidavit of Sergeant Matthew Liana, the officer who prepared the daily bulletin report. ECF No. 73-1, PageID #s 614-15. Sergeant Liana says that he was not present during the encounter. *Id.*, PageID # 614. He points out that the document says "CONFIDENTIAL—FOR POLICE USE ONLY" because it was "prepared to keep the Department's chain of command aware of the highlights of events, especially arrests, not to provide any kind of official record of those events." *Id.*, PageID #s 614-15. He states that he knew a search had occurred after Kapahu had consented to the search, and that that search did not follow any alert by a drug-sniffing dog. *Id.*, PageID # 615. Sergeant Liana explains that he wanted to "make clear that Corporal Mertens and his canine had devoted time" to the case, but that it had not occurred to him that the placement of the sentence relating to Corporal Mertens and Mervin "might make it appear that the search of the bag followed in time, or resulted from, the canine alert." *Id.*

The Government also says that "the canine alert occurred as part of a training exercise *after* the

13

methamphetamine was found in the bag." ECF No. 73, PageID # 611. Corporal Mertens says in an affidavit that he and Mervin went to Honolulu International Airport on June 28, 2016, but that Mervin did not participate in the actual seizure of drugs. *See* ECF No. 73-2, PageID # 616. He states that he was not present when Kapahu was questioned, when her bag was searched, or when the drugs were seized. *Id.*, PageID # 618.

Instead, Corporal Mertens says that he believes he used the seized drugs from Kapahu's purse in a training exercise for Mervin after the search had occurred. *Id.*, PageID # 616. Attached to his affidavit is a copy of an "Airport Operations Group Canine Deployment Report" for the period from June 21, 2016 to July 21, 2016, *see* ECF No. 73-3, PageID #s 620-21; a copy of "Drug Seizure Records," *see* ECF No. 73-4, PageID # 622; and a copy of Mervin's "Training Records" covering the period from March 2, 2016 to October 17, 2016, *see* ECF No. 73-5, PageID #s 623-26. The deployment report reflects that Mervin went to the airport to help HATF on June 28, 2016. ECF No. 73-3, PageID # 620. The drug seizure records report does not have an entry showing that Mervin participated in any drug seizure on June 28, 2016. ECF No. 73-4, PageID # 622. The training records report shows that Mervin participated in training exercises involving methamphetamine at the HATF office on June 28, 2016. ECF No. 73-5, PageID # 625.

According to the Government, "the evidence appears clear that the testimony at the suppression hearing was, in fact, both truthful and accurate." ECF No. 73, PageID # 612. The Government further contends that Kapahu proffers no admissible evidence and no evidence that would likely produce a different result at a new trial. *Id.*

Kapahu does not persuade this court that it should revisit her suppression motions.

First, the two documents Kapahu refers to do not appear to affect the facts found by this court. Sergeant Liana confirms that he was not present at the scene, did not write the daily bulletin in chronological order, and had focused on the personnel involved in the case for his report. Sergeant Liana's affidavit in fact corroborates Agent Jones's report and testimony. Corporal Mertens's affidavit and records also indicate that, while a drug-sniffing dog went to the airport, the dog arrived after Kapahu confessed and the drugs were seized. That chronology makes the dog sniff irrelevant to this court's analysis.

Second, if, as Kapahu's counsel posits, the chronology proffered by the Government is inaccurate and the dog sniff actually occurred before Kapahu confessed, surely Kapahu herself would have known this before this court denied the motions to suppress. Kapahu was holding the handbag that contained the

15

drugs through the time she confessed. If a dog sniff occurred while she was waiting to board a plane, she could hardly have been unaware of it. Any sniff that she knew about could not qualify as "newly discovered evidence" that would support reconsideration of this court's order.

Third, at most, the daily bulletin indicates that Agent Jones had a search warrant. However, the daily bulletin is a summary of secondhand information, meaning Sergeant Liana did not actually know whether Agent Jones had a search warrant. This court ruled that the search of Kapahu's purse was incident to her arrest and thus falls into a clearly delineated exception to the warrant requirement, so that whether Agent Jones actually had a search warrant would not change the legality of the search. This court does, of course, realize that Kapahu's argument is that the existence of a warrant could affect this court's evaluation of Agent Jones's credibility. But Kapahu's entire credibility challenge rests on documents that may not stand for the facts Kapahu offers them for. On a Rule 33 motion, even assuming Rule 33 applies here, the burden is on Kapahu to make some showing of entitlement to relief. The burden does not begin with an obligation on the Government's part to disprove Kapahu's version of what occurred. Kapahu does not, on the present record, persuade this court that it should indicate a willingness to reopen proceedings.

Because Kapahu does not meet the five-part test for granting a new trial based on newly discovered evidence, her Rule 33 motion is denied.

**V.    CONCLUSION.**

Kapahu's Rule 33 motion is denied.  This court declines to indicate that it would reconsider its denial of the suppression motions if the Ninth Circuit remanded the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 9, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*United States v. Sheri Lee Pualani Kapahu*, Crim. No. 16-00453 SOM; ORDER DENYING DEFENDANT'S RULE 33 MOTION.